■ FIRST COLONIE COMPANY, Appellant, v JOHN J. A. LYONS, as Commissioner of the Albany County Department of Health, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered July 11, 1978 in Albany County, declaring sections 6.9 (subd [a], par [3]),

---

6.16 and 14-1.32 (subd [b], par [3]) of the New York State Sanitary Code (10 NYCRR 6.9 [a] [3], 6.16, 14-1.32 [b] [3]) valid and fully applicable to plaintiff's inn. Plaintiff is the owner of the Americana Inn located in the Town of Colonie. Plans and specifications for an unfenced indoor swimming pool were approved on June 17, 1973 by defendant Albany County Department of Health. Defendant thereafter advised plaintiff that section 6.16 of the State Sanitary Code would require the pool to be fenced. In this action for a declaratory judgment, plaintiff, *inter alia,* seeks to have certain portions of the State Sanitary Code (10 NYCRR 6.9 [a] [3], 6.16) adjudged unconstitutional as applied to it and inapplicable to plaintiff's inn. Defendant's motion for summary judgment was granted. On this appeal, however, we are concerned only with that part of the judgment that construes section 6.16 of the code to require fencing plaintiff's indoor swimming pool. The pertinent part of the section reads as follows: "Artificial swimming pools shall be protected by a fence, wall, building, enclosure or solid wall of durable material". There must be a reversal. A fair reading of this section compels us to conclude that it does not require the instant pool to be fenced. The pool is protected by the building wherein it is located which, in our view, is a compliance with the language of the statute. Judgment reversed, on the law and the facts, without costs, and judgment granted in favor of plaintiff declaring that section 6.16 of the State Sanitary Code does not require that plaintiff's indoor pool be protected by a fence. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.